[ECF No. 89]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **RICHARD E. KAYE,** individually and as Administrator and Administrator ad Prosequendem of the Estate of PATRICIA KAYE, Deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>**RICHARD H. NUSSEY, JR., D.O. et al.,**<br><br>**Defendants.** | Civil No. 20-9413 (RMB/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Compel [ECF No. 89] filed by Defendants Cape Regional Medical Center, Inc. and Cape Regional Health System, Inc., and joined by Defendants Robert Cimino, M.D., Cape Emergency Physicians, PA, and Victoria Nicholls, PA-C (collectively, the moving parties will be referred to as "Defendants"). The Court received the opposition of Plaintiff Richard E. Kaye [ECF No. 92]. Defendants seek an Order compelling the production of confidential settlement documents arising out of Plaintiff's related Pennsylvania state court action. The Court exercises its discretion to decide Defendants' motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendants' motion is **DENIED**.

I. **BACKGROUND**

The parties are familiar with the factual background and procedural history of the case, so only the most salient facts will be set forth herein. Plaintiff filed this wrongful death and survival action on July 24, 2020 on behalf of himself and in his capacity as the Administrator of the Estate of his late wife, Patricia Kaye ("Decedent"). *See generally* Compl. [ECF No. 1]. Plaintiff asserts state and federal claims against several New Jersey-based medical providers and practitioners. Specifically, Plaintiff's Second Amended Complaint ("SAC") [ECF No. 43] names the following parties as defendants: Richard H. Nussey, Jr., D.O., Domenic F. Coletta, M.D., Robert Cimino, M.D., Victoria Nicholls, PA-C, Cape Regional Medical Center, Inc., Cape Regional Health System, Inc., and Cape Emergency Physicians, PA. *See* SAC ¶¶ 1–11. Plaintiff's claims arise out of the alleged negligent medical care provided by the defendants to Decedent at the Cape Regional Medical Center on July 26, 2018. *See id.* Decedent sought emergency care that morning and was later transferred to the Fox Chase Cancer Center in Philadelphia, Pennsylvania, where she would pass away the next day. *See id.* ¶¶ 38–103. Plaintiff alleges that Defendants engaged in negligent conduct while providing medical care to the Decedent, and that Defendants' negligence was the direct and proximate cause of her death.

Prior to filing the present action, Plaintiff initiated a separate but related action in the Philadelphia County Court of Common Pleas, asserting claims of medical malpractice against the Pennsylvania medical providers and practitioners ("Philadelphia Action"). In that case, the parties have since settled all claims. Upon learning of the settlement, Defendants in this action requested that Plaintiff produce a copy of the Release from the Philadelphia Action. Plaintiff objected, contending the settlement agreement is confidential and nondiscoverable. Following a status conference with the Court, Defendants were granted leave to file the instant motion.

Defendants now move to compel production of the Release from the Philadelphia Action. *See* Mot. Br. at 1 [ECF No. 89-1]. Defendants essentially submit three arguments in support of disclosure: (1) the Release may be relevant for purposes of determining apportionment between the defendants in this action and those in the Philadelphia Action; (2) the Release may specifically attribute portions of the settlement to certain types of damages being claimed in the present action; and (3) the Release could be relevant in establishing a witness' bias or prejudice. *See id.* at 2–6. In sum, Defendants contend the Release is relevant to offsetting damages, apportioning liability, and is a fair subject for cross-examination of Plaintiff and his experts. *See id.* at 4–5. Defendants maintain they "are not seeking the discovery of settlement negotiations which could raise concerns, but instead seek discovery of the settlement agreements which would contain the claims settled and by whom." *Id.* at 5. Lastly, Defendants contend any concerns over limiting the disclosure of the Release could be addressed by way of a protective order. *See id.* at 4.

Plaintiff opposes Defendants' motion arguing the confidential settlement documents from the Philadelphia Action are not discoverable. *See* Opp'n at 3. As for the issue of apportionment, Plaintiff contends the Release is not relevant since any "settlement credit" the defendants may be entitled to does not depend in any way on the amount of the settlement. *See id.* at 4. Plaintiff avers that if Defendants intend to argue the Philadelphia defendants are liable for the Decedent's death at trial, "they must do so by presenting appropriate expert testimony." *Id.* Furthermore, "only upon evaluation of that evidence and testimony, should the Court [then] decide whether the Philadelphia defendant's negligence and comparative fault be submitted to the jury." *Id.* Accordingly, Plaintiff argues "whether Defendants are entitled to a credit is not dependent on the Release, and therefore the Release is not relevant." *Id.* at 5. As for whether the Release may specifically attribute portions of the settlement to certain types of damages being claimed in the present action, Plaintiff contends

3

this argument also lacks merit. *See id.* at 6. Plaintiff asserts "there are no liens against the proceeds of this case that are currently known to Plaintiff[], nor were there in the Pennsylvania action, and therefore there was no lien for medical bills satisfied by that settlement." *Id.* Plaintiff also asserts, given the nature of the action, that there are no claims for future medical expenses and "Defendants cannot identify any other claim or element of damage that could have been completely satisfied by the Philadelphia settlement." *Id.* Finally, Plaintiff contends Defendants' rationale regarding witness bias is a "false and broad-based attempt at arguing relevance." *Id.* at 7. Plaintiff asserts that the fact that he may have resolved claims against the Philadelphia defendants has no bearing on whether expert witnesses in this case—who are different than the expert witnesses identified in the Philadelphia Action—are biased. *See id.* More critically, Plaintiff alleges that Defendants have failed to demonstrate a particularized need for the Release under any of the foregoing theories and, therefore, Defendants' motion must be denied.

## II. DISCUSSION

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 26 is liberally construed to favor disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *See, e.g., Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citations omitted). Moreover, pursuant to Rule 26, relevant information "need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

A motion to compel the production of a settlement agreement, however, implicates both Rule 26 and Federal Rule of Evidence 408. In this context, the liberal provisions of Rule 26 come into direct conflict with Rule 408, which recognizes and seeks to protect the strong public policy

of promoting settlement. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). To this end, Rule 408(a) generally precludes the admissibility and use of settlement-related materials at trial. Thus, while Rule 26 favors production, Rule 408 functions in a manner that limits the use of such materials.

The Third Circuit has yet to address this "inherent tension" between Rule 26 and Rule 408. *See Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 423 (D.N.J. 2009); *Lesal Interiors, Inc. v. Resol. Tr. Corp.*, 153 F.R.D. 552, 561–62 (D.N.J. 1994). Courts in this District have attempted to reconcile the "two competing rationales" underlying them, however, by requiring a heightened showing of relevance or need. *See Ford Motor Co.*, 257 F.R.D. at 423; *see also Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, No. 06-2996, 2016 WL 10572481, at *2, n.3 (D.N.J. May 16, 2016) (citation omitted). Specifically, courts require the moving party to make a "particularized showing that the evidence sought is relevant and calculated to lead to the discovery of admissible evidence." *Ford Motor Co.*, 257 F.R.D. at 423 (citation omitted). The practical effect of this is to "switch the burden of proof from the party in opposition to the discovery to the party seeking the information." *Lesal Interiors, Inc.*, 153 F.R.D. at 562 (citation omitted). Accordingly, a party seeking discovery of settlement-related materials must make a particularized showing that there is a strong need for the information and that the information cannot be obtained otherwise. If the movant satisfies this standard, courts then balance the movant's "asserted interest and need of the documents" against "the effects that may flow from their discovery." *Id.* If the movant is unable to satisfy this standard, no further analysis is necessary.

Here, the Court finds that Defendants fail to make the particularized showing necessary to compel production of the disputed settlement documents. Instead, Defendants' arguments largely rest on mere speculation that the confidential Release from the Philadelphia Action will somehow

contain information that is either relevant or likely to lead to admissible evidence. Consequently, Defendants' brief is peppered with ambiguous propositions of what the Release "may contain" or "may address." *See* Mot. Br. at 4, 5. Yet such "[b]road assertions, without more, are insufficient to obtain discovery of a confidential release." *Higgenbotham v. City of Trenton*, No. 17-4344, 2018 WL 10483122, at *4 (D.N.J. Aug. 14, 2018) (citation omitted). In this respect, Defendants fail to offer any cognizable basis, let alone a particular one, for how or why the Release is likely to shed light on information pertaining to specific types of damages or potential witness bias in this action. *See, e.g.*, *Spear v. Fenkell*, No. 13-02391, 2015 WL 3947559, at *3 (E.D. Pa. June 26, 2015) ("'Broad assertions' about witnesses that might be produced at trial, and the need to impeach them, are not enough."); *see also Higgenbotham*, 2018 WL 10483122, at *4 (concluding that arguments offered by the movant regarding legal causation and witness bias and prejudice at the time of trial were "without any merit").

      To be clear, Defendants do not challenge the applicable standard governing the motion. *See* Mot. Br. at 3–4. In fact, Defendants repeatedly acknowledge it. *See id.* at 2–3, 5. While conceding on one hand the heightened burden placed on a party seeking disclosure of a confidential settlement agreement, and on the other, the fact that courts within this District tend to permit such a disclosure "only to the court, and only after an award has been recovered against the party seeking disclosure," Defendants nevertheless maintain the Release is discoverable. *Id.* at 3; *see id.* at 4–6. The Court finds this logic to be wanting. Despite failing for the very same reasons outlined above, Defendants' primary basis in support of its motion, regarding potential offsets, is also procedurally premature—as they seemingly acknowledged in the foregoing excerpt. *See, e.g.*, *Burlington v. News Corp.*, No. 09-1908, 2015 WL 2070063, at *4 (E.D. Pa. May 4, 2015) ("To the extent the question of an offset of damages arises, it will not arise unless and until a jury returns a verdict in

favor of Plaintiff."); *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) ("Even then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform.").

### III.     CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **10th** day of **August**, **2022**, that Defendants' Motion to Compel [ECF No. 89] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.

7